## MRS. LAZO SEVETGOFF v. STATE.

No. A-10164.   Sept. 29, 1943.

(141 P. 2d 815.)

J. F. Boettcher and Laynie W. Harrod, both of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis R. Morris, Co. Atty., of Oklahoma City, for defendant in error.

BAREFOOT, J.  The defendant, Mrs. Lazo Sevetgoff, was charged in the court of common pleas of Oklahoma county with the unlawful possession of intoxicating liquor, to wit: Eleven half-gallons of corn whisky, was tried, found guilty by a jury and the court assessed her punishment at a fine of $50, and 30 days in the county jail, from which judgment and sentence she has appealed.

For a reversal of this case, it is contended by the defendant:

First: That the court erred in permitting the state to prove the reputation of defendant's home, over the objection of the defendant.

Second: That the court erred in refusing to give an instruction offered by the defendant.

We have carefully examined the record in this case, and find that the errors complained of are wholly without merit.

The evidence in this case so overwhelmingly reveals the guilt of the defendant, and the instructions given by the court so fully covered the law and the facts in the case, that it is unnecessary to quote at length therefrom.

The evidence revealed that the defendant was the owner of a house located in Oklahoma City, where she lived. On the rear of her property there was another house, which she rented to one Lee Massey, but retained the possession and control of one room of such house, and to which a door opened from the outside. This room was from two to four feet wide, and about eight feet long. The defendant had complete control and possession of this room, and it was there the 11 half-gallons of corn whisky were found by the officers who made the search on April 4, 1941. The officers testified that on the date of the search they found a great number of whisky bottles in her house, from which they could detect the odor of whisky.

The evidence disclosed, not only the possession of the whisky as alleged in the information, but also numerous sales by the defendant to various persons some time prior to the date the liquor was found. Several witnesses who were neighbors of defendant testified that a great number of people were seen going to and coming from her house, many of them intoxicated; and the evidence also revealed that defendant had been seen upon many occasions going to the room of the Massey house and returning to her own home with a sack, but the contents of such

sacks being concealed, the witnesses could not testify what it was.

Under the above statement, it will be seen that a predicate was laid for proving the general reputation of defendant's premises. Many witnesses testified that it was a place of public resort, where people went for the purpose of buying liquor by the drink and by the bottle. They also testified that the general reputation of the place prior to the time the liquor was found therein was that it was a place where intoxicating liquor could be purchased.

When the information was filed in this case, Lee Massey was made a party defendant. A severance was taken, and Lee Massey was used as a witness for the state. Complaint is made that he was an accomplice, and being such his testimony was not corroborated. If it was necessary to corroborate his testimony, there was sufficient evidence to corroborate the same, as herein-before outlined. Many of the witnesses who testified were disinterested neighbors, and many were officers who had searched her premises several times prior to the raid in question.

The instructions of the court fully covered the facts and the law of the case, and the court did not err in refusing to give the requested instruction offered by the defendant.

Finding no error in the record, the judgment of the court of common pleas of Oklahoma county is affirmed.

JONES, P. J., and DOYLE, J., concur.